# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Wong,<br><br>                Plaintiff,<br>v.<br><br>James L. Cohen, LLC; I Like You LLC; and Fox Tax, LLC,<br><br>                Defendants. | Civil No. 13-CV-3075 (PAM/SER)<br><br>**DEFENDANT JAMES L. COHEN LLC'S ANSWER** |

For its Answer to Plaintiff's Complaint, Defendant James L. Cohen, LLC ("Cohen") denies each and every thing, matter and allegation in the Complaint, except as otherwise expressly admitted or qualified below.

## INTRODUCTION

1. With respect to paragraph 1 of the Complaint, Cohen is without sufficient information to admit or deny whether Plaintiff is disabled, and therefore denies the same for the purposes of placing Plaintiff to his strict burden of proof.  Cohen admits that Plaintiff purports to bring various claims against it and other Defendants, but denies any and all wrongdoing and liability, denies that Plaintiff is entitled to the relief he seeks, and otherwise denies the remaining allegations in paragraph 1.

2. Denies the allegations in paragraphs 2 through 4 of the Complaint.

## JURISDICTION AND VENUE

3. The majority of paragraphs 5 and 6 of the Complaint state legal conclusions to which no response is required.  Cohen admits that it is located and transacts business

within the District of Minnesota, and that venue and jurisdiction are appropriate in the United States District Court for the District of Minnesota, but otherwise denies any factual allegations against it.

## PARTIES

4. Cohen is without sufficient information to admit or deny the allegations in paragraphs 7 and 8 of the Complaint and therefore denies the same.

5. Admits the allegations in paragraph 9 of the Complaint, except that its principal place of business is 4100 Minnetonka Blvd., Minneapolis, MN.

6. With respect to paragraph 10 of the Complaints, admits that I Like You, LLC, leases retail space at 501 First Avenue Northeast, but denies the remaining allegations.

7. With respect to paragraph 11 of the Complaints, admits that Fox Tax, LLC, leases retail space at 503 First Avenue Northeast, but denies the remaining allegations.

8. Cohen is without sufficient information to admit or deny the allegations in paragraph 12 of the Complaint and therefore denies the same.

9. Denies the allegations in paragraphs 13 and 14 of the Complaint.

10. Cohen is without sufficient information to admit or deny the allegations in paragraph 15 of the Complaint and therefore denies the same.

11. Denies the allegations in paragraph 16 of the Complaint.

12. Paragraph 17 states only legal conclusions to which no response is required. To the extent paragraph 17 is deemed to contain factual allegations, Cohen denies the same.

13. Denies the allegations in paragraph 18 of the Complaint.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

14. Paragraphs 19 through 29 state only legal conclusions to which no response is required.  To the extent any of those paragraphs is deemed to contain factual allegations, Cohen denies the same.

## FACTUAL ALLEGATIONS

15. Denies the allegations in paragraphs 30 through 35.

16. Is without sufficient information to admit or deny the allegations in paragraph 36 and therefore denies the same.

17. With respect to paragraph 37 of the Complaint, Cohen is without sufficient information to admit or deny the proximity of Plaintiff's residence to the property at issue and therefore denies the same.  Cohen denies the remaining allegations in paragraph 37.

18. Denies the allegations in paragraph 38.

19. With respect to paragraph 39, restates and realleges the above paragraphs as if fully set forth herein.

20. Paragraphs 40 and 41 state only legal conclusions to which no response is required.  To the extent any of those paragraphs is deemed to contain factual allegations, Cohen denies the same.

21. Denies the allegations in paragraphs 42 through 47.

22. With respect to paragraph 48, restates and realleges the above paragraphs as if fully set forth herein.

23. Paragraphs 49 and 50 state only legal conclusions to which no response is required. To the extent any of those paragraphs is deemed to contain factual allegations, Cohen denies the same.

24. Denies the allegations in paragraphs 51 through 56.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

25. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

26. Plaintiff's claims fail for lack of subject matter jurisdiction.

27. Plaintiff's claims fail for lack of Article III standing.

28. Plaintiff's claims are barred, in whole or in part, because the requested relief imposes an undue burden or hardship, is not readily achievable and is unnecessary.

29. Plaintiff's claims are, in whole or in part, moot or may become moot.

30. Plaintiff's claims are barred because he was not damaged or injured by any violation of the MHRA or the ADA.

31. Plaintiff's alleged damages, if any, were caused or contributed to by Plaintiff's own actions or inactions, by others over whom Cohen had no control, or are otherwise the result of actions or inactions for which Cohen was not the direct or proximate cause.

32. Plaintiff has failed to mitigate his alleged damages.

33. Plaintiff's claims are barred by the doctrines of estoppel, unclean hands, waiver, laches, excuse and en pari delicto.

34. Plaintiff's claims are barred because Cohen's actions at all times with respect to Plaintiff were based upon a proper purpose and legitimate reasons, and were in compliance with all applicable provisions of the law.

35. Alleges that Cohen's actions and conduct were undertaken in good faith by lawful means to achieve lawful results, and that Cohen did not intentionally discriminate against Plaintiff.

36. Cohen asserts that it may have further and additional affirmative defenses, the nature of which cannot be determined until Cohen has had an opportunity to engage in discovery. Cohen therefore incorporates all affirmative defenses stated or contemplated by Rule 8 of the Federal Rules of Civil Procedure as fully set forth herein and reserves the right to assert additional affirmative defenses as discovery progresses.

**WHEREFORE**, Defendant James L. Cohen LLC prays for judgment dismissing the Complaint against it with prejudice and awarding its costs, disbursements, attorneys' fees and any other relief appropriate at equity or law.

**BASSFORD REMELE,**
*A Professional Association*

Dated: November 15, 2013       By   /s Jonathan P. Norrie
                                            Jonathan P. Norrie (License # 347309)
                                            Pamela D. Steinle (License #0392478)
                                            33 South Sixth Street, Suite 3800
                                            Minneapolis, Minnesota 55402-3707
                                            (612) 333-3000/(612) 333-8829
                                            jnorrie@bassford.com
                                            psteinle@bassford.com

*Attorneys for Defendant James L. Cohen, LLC*