UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eric Wong,

      Plaintiff,

vs.

James L. Cohen, LLC;
I Like You, LLC;
And Fox Tax, LLC,

      Defendants

Court File No.: 0:13-cv-03075-PAM-SER

**JOINT RULE 26(f) REPORT**

---

The parties/counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f), on February 7, 2014, via telephone, and subsequently prepared the following report.

The pretrial conference in this matter is scheduled for February 26, 2014, at 2:00 p.m. before the Honorable Paul M. Magnuson at the United States Courthouse, 316 North Robert Street, Seventh Floor, Room 734, Saint Paul, Minnesota.

A. **Date and Place of the Meeting; Identification of the Parties and Their Attorneys: Agenda of Matters for Pretrial Conference.**

1. The date and place at which the meeting was held:

**The parties conferred telephonically on February 7, 2014.**

    2. Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting;

| | |
|---|---|
| **Plaintiff Eric Wong**<br>**560 N. 2nd St., Apt. 401**<br>**Minneapolis, MN 55401**<br>**Not employed** | **Defendant James L. Cohen, LLC**<br>**4100 Minnetonka Blvd**<br>**Minneapolis, MN 55416**<br>**Realtor** |

| | |
|---|---|
| **Represented by:**<br>Paul R. Hansmeier, Esq. (#0387795)<br>CLASS JUSTICE PLLC<br>40 South Seventh Street<br>Suite 212-313<br>Minneapolis, MN 55402 | **Represented by:**<br>Andrew Brown, (#0284701)<br>Reding & Pilney, PLLP<br>8661 Eagle Point Boulevard<br>Lake Elmo, MN 55042 |
| **Defendant Fox Tax, LLC**<br>503 First Ave. NE<br>Minneapolis, MN 55414<br>Accountants | **Defendant I Like You, LLC**<br>501 First Ave. NE<br>Minneapolis, MN 55414<br>Retailer |
| **Represented by:**<br>Adam Gislason (#0324176)<br>233 Park Avenue South, Suite 205<br>Minneapolis, MN 55415 | **Represented by:**<br>Timothy P. Tobin (#127887)<br>Gislason & Hunter LLP<br>701 Xenia Ave. South, Suite 500<br>Minneapolis, MN 55416 |

    3. Name of insurance carriers that may be liable for the defense or payment of any damage award; and

**Defendant I Like You, LLC is insured by Auto-Owners Insurance Company.**

**Defendant Fox Tax, LLC is insured by Farmers Insurance Exchange under Policy No. PAS04552404. At this time, Farmers has denied coverage for the claims asserted by Plaintiff.**

    B.   <u>Description of the Case</u>

        1. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

On or about September 4, 2013, Plaintiff visited the subject premises, approximately 1.3 miles from his place of residence. Plaintiff has attempted to, and has to the extent possible, accessed the subject premises, but could not do so independently on a full and equal basis because of his disability, due to the physical barriers that exist at the subject premises. As a result of Defendants' non-compliance with the ADA and MHRA, Plaintiff, unlike persons without disabilities, cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

**Defendants deny the factual allegations set forth in Plaintiff's Complaint, and further contend, *inter alia*, that Plaintiff's claims are barred, in whole or in part, because the requested relief is not "readily achievable" or easily accomplishable and able to be carried about without undue difficulty and expense.**

      2.    A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as statutory references by number;

**This Court has jurisdiction over this action pursuant to the Americans With Disabilities Act (the "ADA"), 42 U.S.C. § 12181, et seq.**

      3.    A brief statement of the material factual issues to be resolved;

**Plaintiff contends that the subject premises are in violation of the ADA and its implementing regulations because, *inter alia*, there are no an accessible entrances to the building, and there is not an accessible route throughout the site and facilities. Plaintiff further contends that compliance with the ADA and its implement regulations is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the existing accessibility barriers.**

**Defendants deny Plaintiff's factual allegations; deny that they have violated the ADA or any other applicable statutes or regulations; deny that the premises at issue are in violation of the ADA; and further contend that they have viable defenses to all of Plaintiff's claims in this matter. In addition, there are questions of material fact whether the Plaintiff has standing under the ADA and sufficiently visited the subject premises prior to serving the Complaint. Further, there may be questions of fact as to the measures Defendants have or will take to remedy the alleged barriers of access, and whether the Plaintiff's claims are barred by Defendants' affirmative defenses, including unclean hands and estoppel.**

  C.    **Pleadings**

      1.    A statement of whether all pleadings have been filed, and a description of any amendments to the pleadings the parties proposes to make including the identification of any new parties to be added (if none, so state);

**The Complaint and Defendants' Answers have been filed.**

      2.    Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

**A jury trial has not been demanded.**

D.  **Discovery Plan**

1. Date by which all pre-discovery disclosures required by Rule 26(a)(1) will be completed;

**The parties agree that Rule 26(a)(1) disclosures will be completed by March 10, 2014.**

2. The date by which all discovery (including expert discovery) shall be completed;

**November 7, 2014.**

3. The date by which all motions which seek to amend the pleadings or add parties must be filed and the hearing thereon completed;

**March 7, 2014.**

4. The date by which all other nondispositive motions must be filed and served;

**November 7, 2014.**

5. The number of interrogatories each party shall be permitted to serve;

**The parties have determined that each party shall be permitted to serve a total of fifty (50) interrogatories.**

6. The number of depositions each party shall be permitted to take (excluding depositions of expert witnesses);

**The parties propose that each party be permitted to take up to ten factual depositions.**

7. A statement of how many, if any, expert witnesses each party anticipates call at trial, and a brief (one or two words) description of experts anticipated;

**The parties anticipate that they will require expert witnesses at the time of trial.**

**Plaintiff anticipates calling an architect and a medical doctor as expert witnesses.**

4

**Defendants anticipate calling 2-3 experts, including in the fields of architecture, ADA compliance or accessibility**

   8. The dates by which each party shall disclose the identity of expert witnesses and disclose the reports required under Rule 26(a)(2);

**Plaintiff will disclose the identity of his expert witnesses and produce reports required under Rule 26(a)(2) by December 5, 2014**

**Defendants will disclose the identity of his expert witnesses and produce reports required under Rule 26(a)(2) by January 19, 2015.**

   9. Whether the parties anticipate expert depositions;

**The parties anticipate expert depositions.**

   10. The number of expert depositions each party shall be permitted to take;

**The parties have determined that each party shall be permitted to take up to five expert depositions.**

   11. The frequency with which discovery responses must be supplemented pursuant to Rule 26(a);

**The parties agree that discovery must be supplemented once at the close of discovery.**

  E. <u>**Dispositive Motions and Trial**</u>

   1. Date by which all dispositive motions shall be filed and noticed;

**February 6, 2015.**

   2. Date by which the case will be ready to commence trial;

**June 1, 2015.**

   3. Estimated trial time including jury selection and instructions.

**The parties estimate the trial will last three days.**

| | |
|---|---|
| Attorney for Plaintiff Eric Wong | Attorney for Defendant James L. Cohen, LLC |
| By: /s/ Paul R. Hansmeier<br>Paul R. Hansmeier, Esq. (#0387795)<br>CLASS JUSTICE PLLC<br>40 South Seventh Street<br>Suite 212-313<br>Minneapolis, MN 55402 | By: /s/ James Reding, Jr.<br>Andrew Brown, (#0284701)<br>James Reding (#195352)<br>Reding & Pilney, PLLP<br>8661 Eagle Point Boulevard<br>Lake Elmo, MN 55042 |
| Attorney for Defendant Fox Tax, LLC | Attorney for Defendant I Like You, LLC |
| By: /s/ Adam Gislason<br>Adam Gislason (#0324176)<br>233 Park Avenue South, Suite 205<br>Minneapolis, MN 55415 | By: /s/ Timothy P. Tobin<br>Timothy P. Tobin (#127887)<br>Gislason & Hunter LLP<br>701 Xenia Ave. South, Suite 500<br>Minneapolis, MN 55416 |

1526142.1